## CIRCUIT COURT OF ARLINGTON COUNTY

Evelyn W. Staples et al.

v.

Arlington County Board of Supervisors et al.

June 24, 1986

Case No. (Chancery) 36461

By JUDGE PAUL F. SHERIDAN

I have reviewed the pleadings and authorities supplied and have reached the following conclusions.

### 1. *Standing*

Plaintiffs have standing to assert the declaratory judgment issues involved herein. See generally *Gordon v. Fairfax County*, 207 Va. 827, 153 S.E.2d 270 (1969), and *Roper v. McWhorter*, 77 Va. 214 (1883).

### 2. *Exhaustion of Administrative Remedy*

The procedure for allowance of claims set forth in § 15.1-550, et seq., Code of Virginia, does not govern here. Plaintiffs seek no monetary relief. In *County School Board v. Supervisors*, 184 Va. 700, 709 (1946), the Supreme Court of Virginia stated that a contract made by a County Board is not the type of claim or demand against the County governed by what was then Code of Virginia "section 2765." The pertinent language and substantive content of the predecessor section 2765 suggested the same reasoning applies to the present interpretation of, and applicability of § 15.1-550 et seq. Therefore, the plaintiffs are not barred from seeking relief in the Circuit Court

388

for their failure to comply with the claims procedure established in § 15.1-550 et seq.

Plaintiffs did in fact file a "Notice of Claim" on or about April 29, 1985. The Clerk of the County Board advised plaintiffs by letter dated June 4, 1985, that the matter should be considered at the June 15, 1985, Board meeting. Thereafter, the Clerk of the County Board wrote a letter to counsel for the plaintiffs on June 21, 1985, advising that the claim had been denied. Plaintiffs gave written notice July 1, 1985, to the Board that a declaratory judgment suit would be filed regarding the matter and this suit was initiated July 2, 1985.

If § 15.1-550 et seq. governed, then plaintiffs should have posted a bond to fully comply with that statutory scheme. No bond was posted. Since the Court concludes above that § 15.1-550 et seq. does not govern, the failure to post a bond thus is not a fatal omission.

Nor can the County prevail on its argument that the April 29, 1985, Notice of Claim was not a proper initiation of a claim contesting a contract here in question, on the ground that the contract in question expired on or about July 1, 1985. Because of the timing involved in asserting a claim directly to the Board, and then seeking subsequent judicial relief, it appears reasonable to conclude that one-year contracts, and their validity, could not, as a practical matter, ever be judicially resolved because the contested contract would normally have expired before a Court hearing. Here, there does not appear to be any substantive change between the contract contested by plaintiffs' April 29, 1985, Notice of Claim and the renewal of that contract which is today in force in Arlington County.

Thus, the County's position that the April 29, 1985, Notice of Claim contested a different contract for notice purposes is rejected. Plaintiffs proceeded promptly to judicially contest that contract and the expiration of one contract that is renewed in substantially the same form and terms will not defeat plaintiffs' present action.

### 3. The Validity of the Contract

Plaintiffs assert that the contract between the Board of Supervisors and the Animal Welfare League is illegal under 29-213.73, Code of Virginia. Section 29-213.73, Code of Virginia, requests that "the governing

body of each county. . . shall. . . appoint an officer to be known as the animal warden who shall have the power to enforce this chapter, all ordinances enacted pursuant to this chapter and all laws for the protection of domestic animals."

Chapter 9.4 contains Comprehensive Animal Laws. Article I thereof contains General Provisions. Section 29-213.36 includes definitions, including:

> "Animal warden" means any person employed, contracted or appointed by the Commonwealth for any political subdivision for the purpose of aiding any enforcement of this law or any other law or ordinance relating to licensing of dogs, cruelty to animals, or seizure and impoundment of dogs.

> "Person" means any individual, partnership, firm, joint-stock company, corporation, association, trust, estate, or other legal entity.

In the contested contract, Arlington County has effectively appointed the Animal Welfare League to enforce the pertinent laws and ordinances. The Animal Welfare League is a "person" under the definitions above. Regardless of the administrative relationship of individuals actually performing the services of animal warden, the Code sections governing do not require Arlington County to name a specific human being as the animal warden. The contract in question, therefore, does comply with the Code of Virginia.

In fact, an individual has been appointed to serve as animal warden, but Arlington County is paying for that individual's services through the contract in question, which is consistent with that portion of Code of Virginia § 29-213.73 allowing a county to pay an animal warden "as the governing body. . . shall prescribe." This Court does not find support in the Code for the position plaintiffs seem to take, specifically, that an animal warden must be a salaried employee of the county itself. An animal warden clearly can be a "person," and a "person" need not be one specific human being, but can also be any of the legal entities described above. Since the Animal Welfare League is such an entity, Arlington County has complied with its lawful duties in contracting with

the Animal Welfare League in the manner reflected in the contested contract.

Therefore, plaintiffs' prayer that this Court declare certain portions of the pertinent contract illegal, null and void is denied. There being no further request for relief, this Court would enter judgment for the defendants when presented with an appropriate judgment order.